UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

YONTO T.,                                                         Case No. 18-cv-3200 (JRT/DTS)

      Petitioner,

v.                                                                  <u>REPORT AND RECOMMENDATION</u>

SECRETARY OF HOMELAND
SECURITY; SCOTT BANIECKE,
*Ice Field Office Director;* KURT
FREITAG, *Freeborn County Sheriff;*
and MATTHEW WHITAKER, *Acting
Attorney General,*

      Respondents.

_____

On November 16, 2018 Yonto T. filed a Petition for a Writ of Habeas Corpus challenging his continued detention pending deportation. Docket No. 1. On December 20, 2018 the Government filed a response stating that Petitioner had been deported to Liberia on December 11, 2018. Docket No. 7; Kalob Kresser Decl. ¶ 3 and Ex. 1 (executed Warrant of Removal/Deportation); Docket Nos. 8, 8-1.

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (omission in original) (internal quotation marks omitted). Mootness deprives the Court of the power to act; there is nothing for the Court to remedy. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Yonto T. has been removed to Liberia, and therefore his habeas petition is moot. *See Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.,* No. 10-cv-292, 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010) ("To the extent that the Court could construe [petitioner's] request for relief as a reviewable habeas claim relating to his ICE detention, however, ICE's removal of [petitioner] from the United States renders any such claim moot.") (citing cases).  Mootness deprives the Court of jurisdiction in this action.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Yonto T.'s Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED AS MOOT.

2. This action be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated:  December 26, 2018         s/David T. Schultz
                                  DAVID T. SCHULTZ
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).